**UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION**

**COURT FILE NO 07-2080 CM**

| | |
|---|---|
| CHRISTOPHER M. GREENWOOD<br><br>Plaintiff,<br><br>v.<br><br>FIRST CREDIT SERVICES INC.<br><br>d/b/a STANLEY WEINBERG &<br><br>ASSOCIATES<br><br>Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

-1-

## PARTIES

3. Plaintiff, Christopher M. Greenwood, is a natural person who resides in the City of Kansas City, County of Wyandotte, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant First Credit Services Inc. d/b/a Stanley Weinberg and Associates (hereinafter "Weinberg") is a foreign corporation and a collection agency operating from an address at P.O. Box 3352, Glen Ellyn, Illinois 60138-3352 and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6). Defendant attempted to collect Plaintiff's alleged debt in Kansas

## FACTUAL ALLEGATIONS

5. Sometime before January 2007, the Plaintiff's spouse incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal revolving charge account owed to Household-Best Buy (hereinafter the "Account").

6. Due to circumstances beyond the Plaintiff's control the Account was not paid by the Plaintiff's spouse and it went into default with the creditor.

7. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

8. During the Fall of 2006 the Plaintiff received phone calls from the Defendant attempting to collect the Plaintiff's spouse's Account. These calls each individually constituted a "communication" as defined by FDCPA §1692a(2).

9. During a collection call on or about January, 25 2007 representatives, employees and/or agents of the called the Plaintiff's neighbor Dave Edwards and left a message with him for the Plaintiff to call the Defendant while attempting to collect the Account after the Defendant had talked to the Plaintiff on several occasions. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2) and 1692f preface.

10. During the collection calls during the Fall of 2006 representatives, employees and /or agents of the Defendant repeatedly called the Plaintiff multiple times a day to annoy, abuse and harass the Plaintiff while attempting to collect the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(5) and 1692f preface.

11. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

12. The Defendant and its representatives, employees and / or agents above listed statements constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(b).

13. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(5).

14. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

15. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

16. Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

17. Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

18. Defendant's actions as well as that of its representatives, employees and / or agents were negligent violations of the FDCPA.

19. As a consequence of Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## **COUNT I, FDCPA VIOLATIONS**

20. The previous paragraphs are incorporated into this Count as if set forth in full.

21. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(b), 1692d preface, d(2), d(5), §§ 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and 1692f preface.

22. Defendant's violations are negligent.

23. Defendant's violations are multiple, willful and intentional.

24. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, RESPONDEAT SUPERIOR

25. The previous paragraphs are incorporated into this Count as if set forth in full.

26. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

27. The negligence and actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

28. As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

## COUNT III, INVASION OF PRIVACY
## UNREASONABLE INTRUSION UPON THE SECLUSION OF ANOTHER

29. The previous paragraphs are incorporated into this Count as if set forth in full.

30. Defendant and its representatives, employees and / or agents intentionally intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by re calling the Plaintiff's neighbors and/or leaving messages with them for the

      Plaintiff to call the Defendant while attempting to collect the Account after the Defendant had talked to the Plaintiff on several occasions and repeatedly calling the Plaintiff multiple times a day to annoy, abuse and harass the Plaintiff while attempting to collect the Account.

31. Defendant and its representatives, employees and / or agents intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt that would be very offensive to a reasonable person in that position.

32. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and / or private concerns or affairs.

33. The above listed intentional intrusion upon the Plaintiff by the Defendant and its representatives, employees and / or agents occurred in a way that would be highly offensive by a reasonable person.

34. Plaintiff has been harmed because of the Defendant's invasion of privacy and has damages as a result of the invasion of privacy by the Defendant including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation and embarrassment because of such invasions of privacy by this Defendant.

35. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff requests Kansas City, Kansas as the place of trial.

## **PRAYER**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under state and federal law, including actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF

Address of the Plaintiff:

6047 Oak Grove Road
Kansas City, KS  66106-5425